**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LAURENCE BARKER,

      Plaintiff,

    v.                                    Civ. No. 23-332 SCY/DLM

GR INVESTMENT GROUP LLC,
GUSTAV RENNY aka
GUSTAV ZURAK and Jane Does 1-5,

      Defendants.

**NOTICE OF CONVERSION TO**
**SUMMARY JUDGMENT MOTION**

Plaintiff's complaint alleges that Defendants, a Florida company and an individual

residing in Florida, engaged in illegal telemarketing robocalls to Plaintiff in violation of the New

Mexico Unfair Practices Act ("UPA") and the federal Telephone Consumer Protection Act

("TCPA"). Doc. 1. Defendant GR Investment Group LLC filed its Motion to Dismiss on June

19, 2023 (Doc. 6) and Defendant Gustav Renny filed his Motion to Dismiss on June 26, 2023

(Doc. 13). The motions contend that the Court lacks personal jurisdiction over Defendants

because Defendants do not make robo calls, have never made robo calls, never made any calls to

Plaintiff's cellphone in New Mexico, and did not authorize any third parties to do so. Doc. 6 at 8-

9; Doc. 12 at 9. In response, Plaintiff argues that he has evidence showing that Defendants do

make robo calls and that the complaint states a plausible claim to relief. Docs. 12 & 15. The

Court hereby gives notice that it will convert these motions to dismiss into motions for summary

judgment.

"The plaintiff bears the burden of establishing personal jurisdiction over the defendant."

*Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984). "Prior to

trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of

affidavits and other written materials, the plaintiff need only make a prima facie showing." *Id.*
"The allegations in the complaint must be taken as true to the extent they are uncontroverted by
the defendant's affidavits." *Id.* "If the parties present conflicting affidavits, all factual disputes
are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient
notwithstanding the contrary presentation by the moving party." *Id.*

"When a defendant moves to dismiss for lack of jurisdiction, either party should be
allowed discovery on the factual issues raised by that motion." *Budde v. Ling-Temco Vought,
Inc.*, 511 F.2d 1033, 1035 (10th Cir.1975). "Although a district court has discretion in the
manner by which it resolves an issue of subject matter jurisdiction under Rule 12(b)(1), a refusal
to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a
litigant." *Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1326 (10th Cir.
2002) (citation omitted). "Prejudice is present where pertinent facts bearing on the question of
jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.*
(alterations omitted).

"As a general rule, a 12(b)(1) motion cannot be converted into a motion for summary
judgment under Rule 56." *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987). "There is,
however, a widely recognized exception to this rule. If the jurisdictional question is intertwined
with the merits of the case, the issue should be resolved under 12(b)(6) or Rule 56." *Id.* "Under
*Wheeler*, . . . the underlying issue is whether resolution of the jurisdictional question requires
resolution of an aspect of the substantive claim." *Pringle v. United States*, 208 F.3d 1220, 1223
(10th Cir. 2000). It is plainly the case here that the jurisdictional issue and the merits issue are
intertwined; the jurisdictional issue *is* the merits issue. Plaintiff sues Defendants for robocalls
made to New Mexico, and Defendants claim they made no robocalls to New Mexico or

otherwise. There is complete overlap between Defendants' personal jurisdiction arguments and the substance of the merits issue under the UPA and the TCPA.

"In such circumstance the trial court should give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56." *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454, 457 (10th Cir. 1978). The Court hereby gives notice that it will treat Defendants' Motions to Dismiss (Docs. 6 and 12) as motions for summary judgment. Within 14 days of the date of this order, Defendants may file a supplemental brief presenting all material it contends is pertinent under a Rule 56 standard. The supplement must comply with Local Rule 56.1(b). The supplement shall not incorporate exhibits filed elsewhere on the docket by reference[1]; it must present all Defendants' evidence to the Court in one filing (or one filing per defendant).[2]

Within 14 days from the date of Defendants' filings, Plaintiff may file a supplemental response brief presenting all material it contends is pertinent under a Rule 56 standard. The supplement must comply with Local Rule 56.1(b). The supplement shall not incorporate exhibits filed elsewhere on the docket by reference; it must present all Plaintiff's evidence to the Court in one filing (or one response per defendant if Defendants opt for two filings). Plaintiff is warned that he may not rest on mere allegations or denials in the complaint in order to meet his Rule 56

---

[1] Because of the scattered nature of the presentation of exhibits to the Court thus far, the Court specifically waives Local Rule 10.7 (non-duplication of exhibits) for the limited purpose of these supplemental filings.

[2] Although the supplemental filing is optional, the Court notes that Defendant GR's Motion to Dismiss makes multiple references to an affidavit purportedly attached to the motion as Exhibit A. *E.g.*, Doc. 6 at 4. However, there was no attachment to the motion to dismiss. Thus, Defendant GR has presented no evidence to the Court to date which could carry Defendant GR's burden under Rule 56.

burden. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Defendants may file a reply or replies that comply with the standards set forth above within 14 days of Plaintiff's filing.

Alternatively, if Plaintiff contends that jurisdictional discovery is necessary before resolving this issue, rather than filing a supplemental response brief, Plaintiff may file a motion for jurisdictional discovery. The motion must clearly set forth the discovery sought and its relevance to Defendants' jurisdictional arguments. It must explain which pertinent facts bearing on the question of jurisdiction are controverted or explain how a more satisfactory showing of the facts is necessary. *Cf. Sizova*, 282 F.3d at 1326. Briefing on any such motion will proceed according to the Local Rules.

The deadlines above are subject to reasonable extensions of time by stipulation or Court order. The failure of any party to timely make a filing described above will result in the Court proceeding to decide the motions on the current record under a summary judgment standard without further notice.

SO ORDERED.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE